UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JODY DECKER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 09-641-P-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge erred in determining his mental residual functional capacity ("RFC"), improperly reached a physical RFC, failed to consider a closed period of benefits *sua sponte*, and relied on fatally flawed testimony from a vocational expert. I recommend that the commissioner's decision be vacated and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from depression, anxiety/panic disorder, obesity, and degenerative disc disease, impairments that were severe but did not, considered individually or together, meet or medically equal the criteria of any

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by the court pursuant to Local rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 17, 2010, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 15-21; that he had the RFC to lift and/or carry 20 pounds occasionally and 10 pounds frequently, to stand, walk and/or sit for six hours in an eight-hour workday with a change of position every 30 minutes, to occasionally balance, stoop, crouch, and kneel, to maintain concentration, persistence, pace, attention, and focus during a normal workday and workweek within unskilled SVP 1 and SVP 2 tasks, but not to crawl or climb ladders, ropes, or scaffolds, push or pull with the upper extremities, or be exposed to unprotected heights and dangerous machinery, Finding 5, *id.* at 22; that he was unable to perform any past relevant work, Finding 6, *id.* at 25; that, given his age (30 years old at the alleged date of onset), at least high school education, work experience, and RFC, use of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making resulted in a finding that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id.* at 25-27; and that he had, therefore, not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 11, *id.* at 27. The Decision Review Board affirmed the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Vocational Testimony

The plaintiff contends that the vocational expert's testimony about the numbers of jobs available regionally was "unreliable" for the same reasons presented to this court in *Clark v. Astrue*, Civil No. 09-390. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 14) at 11-13. Specifically, he contends:

> [T]he VE [vocational expert] was not able to substantiate that any of the three jobs that he proffered exist in significant numbers in this or other regions of the national economy . . . . On a national basis, the VE arbitrarily allocated 10% of the job numbers "under the General Clerk occupational umbrella grouping" to the individual occupations that he testified Mr. Decker could perform. The General Clerk grouping, however, is an entire SOC [selected characteristics of occupation] code (Code 43-000), comprised of every clerical job in the DOT [Dictionary of Occupational Titles], many more jobs than the three proffered by the VE. There is no evidence that the job numbers are equally distributed among the many included jobs. Indeed, each of the three jobs the VE mentioned are in separate SOC subgroups. Not surprisingly, the VE could not explain the process by which his numbers were derived.
>
> With respect to the regional job numbers, the VE relied on numbers provided by an internet website, www.careerinfonet.com. Again, he had no knowledge of how the numbers were derived. The VE's regional numbers apparently merely reflect the output of the website's proprietary software program. Under such circumstances, the VE's reliance on that program must fail for at least two reasons. First, the website is not a source of which Social Security takes administrative notice as provided

> by the regulations. Second, because the VE had no idea how the job numbers were derived, he could not reliably testify as to their accuracy.

*Id*. at 11-12 (citations omitted). This is an essentially accurate summary of the vocational expert's testimony. Record at 55-67. My recommended decision in *Clark*, which was adopted by the court on August 9, 2010 (Docket No. 22 in that case), appears to me at first to require a finding that the same vocational expert's testimony in this case cannot constitute substantial evidence that the specific jobs at issue existed in significant numbers in the national economy. Recommended Decision (Docket No 21), *Leon Clark v. Michael J. Astrue*, Civil No. 09-390-P-H, at 5-6.

At oral argument, counsel for the commissioner contended that this case is distinguishable because, in this case, the vocational expert testified that the numbers of jobs he proffered were based on his 30 years of experience and market surveys, as well as his explanation of how he reached his conclusions as to numbers of jobs. I agree that the vocational expert's explanation in this case, Record at 56-71, is better supported than was the case in *Clark*. Indeed, in this case the vocational expert testified that the numbers he used were "the best . . . from using the resources I have available . . . . It's . . . what I believe is a fair and accurate number." *Id*. at 67. *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A V[ocational] E[xpert]'s recognized expertise provides the necessary foundation for his or her testimony.").

### B. Unskilled Work

The plaintiff contends that the administrative law judge wrongly equated a limitation to "simple work-related tasks" to unskilled work assigned a specific vocational preparation ("SVP") level of 1 or 2 in the Dictionary of Occupational Titles. Itemized Statement at 4-6. The administrative law judge found that the plaintiff "within unskilled SVP 1 and SVP 2 tasks, can

maintain concentration, persistence and pace, attention and focus during a normal workday and workweek." Record at 22. In apparent support of this portion of the RFC she assigned to the plaintiff, the administrative law judge wrote the following:

> A nonexamining agency program psychiatrist assessed moderate limitations in the claimant's ability to understand, remember and carry out complex instructions and make judgments on complex work-related decisions, noting that the claimant's ability to sustain attention and concentration were more than mildly reduced (Exhibit 12F). He assessed that the claimant was able to attend and concentrate for at least two hours at a time and that he could complete a normal work schedule. He could be expected to perform simple work-related tasks (Exhibit 11F). I concur with these limitations and give great weight to them. The claimant's inability to understand, remember and carry out complex instructions or make judgments on complex decisions equates with a restriction to unskilled SVP 1 and SVP 2 tasks.

*Id.* at 24.

But, that equation is not correct. It has been rejected by this court on more than one occasion. *E.g., Swift v. Astrue*, Civil No. 08-280-B-W, 2009 WL 902067, at *2 & *4 n.5 (D. Me. Mar. 31, 2009); *Hall-Grover v. Barnhart*, No. 03-239-P-C, 2004 WL 1529283, at *4 (D. Me. Apr. 30, 2004) ("SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of the job's simplicity, which appears to be more squarely addressed by the GED ratings."). Because the administrative law judge's equation effectively excluded consideration of the medical evidence to which she supposedly gave "great weight," this error requires remand.

### C. Physical RFC

The plaintiff next asserts that the administrative law judge "adopted an RFC that results solely from her lay interpretation of the medical evidence and which lacks positive support in the evidence." Itemized Statement at 7. Specifically, he contends that there is no medical support in the record for the administrative law judge's finding that the plaintiff could walk and stand for a

5

total of six hours each in an eight-hour workday.  *Id*. at 7-8.  A close reading of the administrative law judge's opinion suggests that she rejected the walking and standing limitations found in all of the RFC assessments by medical professionals in the record, all of which were for five hours or less, based on the plaintiff's testimony about his activities of daily living, including walking, and the medical improvement shown in unspecified reports created after each of the RFC assessments.  Record at 18 (plaintiff reported walking daily, sometimes up to three miles), 22-24.

The problem here is not, as the plaintiff would have it, that the administrative law judge rejected all of the medical opinions on this point.  An administrative law judge may choose not to credit a medical source's opinion when it conflicts with the plaintiff's own testimony.  *Asberry v. Astrue*, Civil Action No. H-07-4522, 2008 WL 4057860, at *10 (S.D. Tex. Aug. 26, 2008).  The problem is that the administrative law judge does not cite any testimony, from any source, that supports the six-hour limitation that she has adopted.[2]  In the absence of such specific evidence, this portion of the RFC cannot stand.  This error should be corrected on remand.[3]

### D.  The *Chenery* Issue

The plaintiff argues that remand is required under *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), because "two of the three jobs upon which she relied are eliminated by her error in formulating the physical RFC alone[,]" and "[s]uch an error cannot be harmless unless an ALJ who had not made such an error would be compelled to find that based upon the ability to

---

[2] At oral argument, counsel for the commissioner contended, without citation to authority, that the administrative law judge was entitled to enlarge by one additional hour the total of five hours walking in a workday that was the lengthiest limit provided by any medical source, based on the plaintiff's testimony that he sometimes walked 1.5 miles per day five times a week.  While physical limitations may be based in part on a claimant's own testimony under certain conditions, the administrative law judge's conclusion in this case does not follow from the premise.  She cites no evidence to support her apparent conclusion that the plaintiff would take six hours to walk 1.5 miles.

[3] Counsel for the commissioner correctly pointed out at oral argument that this error, standing alone, would be harmless because the administrative law judge relied on one job identified by the vocational expert that was at the sedentary level, that of addresser.  Record at 26, 61.  The error does not stand alone, however.

perform [the third job], alone, Mr. Decker would not be disabled." Itemized Statement at 9. Due to the other errors already discussed that require remand, the court need not reach this issue. I do note, however, that for the reasons set forth in my recommended decision, dated October 27, 2010, in *Richyl Robinson v. Michael J. Astrue*, Civil No. 09-629-B-W, in which the attorney who signed the itemized statement in this case made an identical argument, this argument is not persuasive.

### E. Closed Period

Finally, the plaintiff argues, briefly, that remand is required because the administrative law judge failed, *sua sponte*, to "consider and assess whether Mr. Decker had a period of twelve or more months during which he was disabled and thus entitled to at least a closed period of benefits." Itemized Statement at 10. The only authority he cites for this proposition is *Quimby v. Astrue*, No. 07-128-B-W, 2008 WL 660180 (D. Me. Mar. 5, 2008), does not so hold. The relevant passage is the following:

> The plaintiff, who was represented by counsel at the hearing, . . . did not ask the administrative law judge to consider awarding benefits for a closed period. In the Eighth Circuit, an administrative law judge is nonetheless required to consider the possibility that an applicant is qualified for a closed period of benefits. *Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir. 1994); *see also Peña v. Barnhart*, 2002 WL 31487903 (W.D.N.Y. Oct. 29, 202), at *11. Assuming *arguendo* that the First Circuit would take this view as well, I consider the plaintiff's assessment of the evidence on both necessary parts of her argument.

*Quimby*, 2008 WL 660180, at *4.

Applying the same hypothetical analysis here, I have only one citation to the record to consider, as that is all that the plaintiff supplies. Itemized Statement at 10. Page 337 of the record is the final page of a six-page form entitled "Medical Source Statement of Ability to Do Work-Related Activities (Physical)." Record at 332. Page 337 bears the signature of an

7

orthopedic surgeon and is dated August 13, 2008. In response to the printed question, "Have the limitations you found above lasted or will they last for 12 consecutive months?" the physician has checked the box for "Yes." *Id*. at 337. This is simply not enough to sustain the plaintiff's burden on this issue, even if the Eighth Circuit's view of an administrative law judge's independent duty were to be adopted in this circuit. *See, e.g., Quimby*, 2008 WL 660180, at *4-*5.

In addition, as noted by counsel for the commissioner at oral argument, the administrative law judge found that the plaintiff had not been under a disability from May 12, 2007, the alleged date of onset through July 31, 2009, the date of the decision. Record at 27. Any closed period must include a disability, which by definition must have existed for at least 12 months. The administrative law judge's conclusion forecloses the existence of such a period. It is significant as well that the plaintiff does not identify any 12-month period during which he alleges he was in fact disabled.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge